UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE LABRADOR ABADIN,<br><br>    Petitioner,<br><br> v.<br><br>KRISTI NOEM, et al.,<br><br>    Respondents. | CASE NO. C25-2411JLR-SKV<br><br>ORDER |

  Before the court is Petitioner Jose Labrador Abadin's motion for a temporary restraining order ("TRO") and order to show cause. (TRO Mot. (Dkt. # 5).) The court grants preliminary relief to preserve the status quo pending the resolution of Petitioner's motion.

  On November 27, 2025, filed a petition for writ of habeas corpus seeking release from immigration custody. (Petition (Dkt. # 1).) On December 2, 2025, United States Magistrate Judge S. Kate Vaughan entered an order for return and status report ordering Respondents to show cause, within 30 days, why the writ should not be granted. (12/2/25

ORDER - 1

Order (Dkt. # 3).) Petitioner filed his TRO motion in the evening of December 4, 2025. (TRO Mot.) He seeks:

> a) Issuance of an immediate order barring the Respondents from removing [P]etitioner from the state of Washington, should the Petitioner be in the state of Washington at the time such order is issued without notice to the Court and approval by the Court; and
>
> b) Issuance of an order to show cause why the petition for writ of habeas corpus . . . should not be granted within three (3) days.

(TRO Mot. at 2.) Counsel for Respondents has appeared in this action and thus has received notice of Petitioner's motion. (*See* Not. of Appearance (Dkt. # 4).)

The court may grant a TRO to preserve its jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (noting that federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter"). Accordingly, the court orders as follows:

1. Petitioner's motion for TRO (Dkt. # 5) is provisionally GRANTED pending Respondents' response to the motion. This grant is solely for the purpose of maintaining the status quo so that the court may review the merits of the motion after full briefing.

2. Respondents ARE PROHIBITED from removing Petitioner from the state of Washington pending the resolution of Petitioner's motion for TRO.

3. Counsel for Petitioner and Respondents are ORDERED to meet and confer on (1) a briefing schedule for the motion for TRO or, in the alternative, for the petition for writ of habeas corpus and (2) whether Respondents will agree to a stipulated order to

ORDER - 2

not remove Petitioner from the United States and to not transfer Petitioner to another facility during the pendency of this action.

4. If the Parties agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, Respondents SHALL respond to the motion for TRO on the schedule set by Local Civil Rule 65. *See* Local Rules W.D. Wash. LCR 65(b)(6).

Dated this 5th day of December, 2025.

JAMES L. ROBART
United States District Judge